WILLIAMS, Judge,
dissenting with reasons.
Even though the $5,000.00 awarded to plaintiff by the jury was a legally acceptable quantum, this court on original hearing increased the award to $78,384.20, reflecting past lost wages ($59,047.00), past medicals ($14,337.20) and pain and suffering ($5,000.00). On rehearing, this panel has now increased the general award from $5,000.00 to $100,000.00, without showing the $5,000.00 was an abuse of discretion and the additional quantum was the lowest award reasonably within the discretion of the jury, as required by Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
Moreover, the panel majority has ignored the directive in Coco v. Winston, by placing entirely too much emphasis on the amounts awarded to other plaintiffs:
... heretofore, courts of appeal have placed too much emphasis on their review of other reported decisions. Certainly no two cases are every fully alike. And whether two cases are so fully similar as to produce the quantum judgments is hardly discernible by gleaning the facts of the comparable decision from simply a written opinion of an appellate tribunal ... 341 So.2d at 335.
Consequently, as indicated in my dissent on original hearing, in determining the plaintiff’s quantum this court should not second-guess the reasoning behind the jury’s award. From a cold record, this court cannot know the subtle factors that influenced the jury’s quantum determination. Although some may consider the jury’s award low, the award did not fall below the lowest point reasonably within the discretion afforded the trier of fact; therefore, this panel should not tamper with the jury’s and/or the original panel’s award. See Coco v. Winston Industries, Inc., 341 So.2d at 335.
For the reasons assigned, I respectfully dissent.